EDGAR *vs.* THE STATE.

[INDICTMENT FOR MURDER.]

1. *Section* 2689 *of Revised Code construed.*—Section 2689 of the Revised Code is a rule for the government of courts in criminal, as well as civil cases.

2. *Charge to jury ; what is, on effect of evidence.*—A charge to the jury, on the trial of a party indicted for murder, that, if they believe the evidence, the prisoner is at least guilty of murder in the second degree, is a charge upon the effect of the testimony, and if given without being required, by either of the parties, is erroneous.

3. *Jury; province of, on a conviction for murder.*—If a party is convicted of murder in the second degree, it is the duty of the jury, and not of the court, to determine, by their verdict, the extent of the punishment, as well as its character.

APPEAL from the City Court of Mobile.

Tried before the Hon. C. F. MOULTON.

The facts are sufficiently set out in the opinion.

ALEX. McKINSTRY, for prisoner.—Counsel for Edgar call the attention of the court to the case in 34th Ala., pages 43 and 48.

The court charged the jury, " that if they believed the evidence, they must find a verdict for the plaintiff, (page 48) ; an affirmative charge upon the effect of the entire evidence."

JOSHUA MORSE, Attorney-General, *contra.*—There is nothing in the first part of the charge of which the prisoner can complain. It gives him the full benefit of the former acquittal of murder in the 1st degree. That the verdict of guilty of murder in the 2d degree operated as an acquittal of the higher offense, see the following authorities : Bishop's Criminal Law, vol. 1, § 67 ; *Campbell v. The State,* 9 Yerger, 333 ; *Hamilton v. Williams,* 1 Tyler, 15.

There is no conflict in the evidence ; it is plain and positive. The court could, therefore, properly charge that the State was entitled to a verdict of murder in the 2d degree, if the jury believed the evidence.—See *Gillespie v. Battle,* 15 Ala. 279 ; 13 Ala. 713 ; *Williams v. Shackelford,* 16 Ala. 318 ; *Gany v. Phifores,* 11 Ala. 535 ; *Edgar v. The State,* last term ; *English v. The State,* 34 Ala. 40.

There is no error in the charge " that the extent of the punishment, or the time the prisoner should serve the county, would rest with the court, and not the jury." That is not the proper construction of section 3654, Revised Code. " The discretion of the jury " applies not to the extent of punishment, but simply to its character. They have the right to say whether the punishment shall be " imprisonment in the penitentiary," or " hard labor for

the county." The jury, in their "discretion," can say whether the prisoner shall go to the penitentiary, or suffer hard labor for the county. It is for the court to say, what the extent of that punishment shall be, in *point of time*.

But if there be any error in this charge, it is error without injury. The jury, without regard to the charge, in their verdict, have prescribed not only the character of the punishment, but also its extent, and the court has ordered the verdict to record, and rendered its judgment upon it. This action conforms to the view of the law taken by the prisoner.—See § 3654, Revised Code.

The record, as amended, shows that neither party asked the court to charge upon the effect of the testimony, as authorized by § 2578 of Revised Code.

This section applies to civil, not criminal cases. The law governing the trial of criminal cases, is separate and distinct, and neither can encroach on the other. In criminal cases, the common law prevails, unless amended by statute, and that statute must be embraced in the Penal Code.— See part 3, title 1, chapter 1, page 500, Revised Code ; part 4, title 1, chapter 1, and sections following.

PECK, C. J.—This case was in this court at the last term, and the conviction and sentence of the court below were reversed, and the case remanded for a new trial.

Another trial has been had, and the appellant convicted of murder in the second degree, and sentenced to be confined at hard labor, in the penitentiary, for the period of fifteen years.

On the trial, a bill of exceptions was signed and sealed, at the instance of the accused, and he has again brought the case to this court by an appeal, and he now here assigns the following errors to the proceedings, conviction and sentence, in the court below ; that is to say : First. " That the court erred in charging the jury upon the effect of the testimony.

" Second. That the court erred in charging the jury that the extent of the punishment for murder in the 2d degree rested with the court.

" And third. That the court erred in charging the jury,

that if they believed the evidence, they must convict the defendant of murder in the second degree; and if they had a reasonable doubt, on all the evidence, they must acquit."

That part of the charge of the court upon which the errors are assigned, is as follows: " Gentlemen, if you believe the evidence detailed by the several witnesses on the part of the State—and there has been none others examined—with reference to the killing of Mr. Bassett by the prisoner; then, if you find that the homicide was committed in this county in February, 1868, I charge you that the prisoner would at least be guilty of murder in the second degree; that is, if you believe Mr. Bassett was shot and killed by the prisoner, as stated by witnesses Baird, Taylor and James Phillips. If, however, upon the whole evidence, you entertain a reasonable, well-grounded doubt of the prisoner's guilt, you must give him the benefit of that doubt, and acquit him. But should you believe the prisoner guilty, under the law and evidence in this case, it will be your duty to say so by your verdict, and to designate the character of punishment you would wish to have inflicted."

" In murder in the second degree, the law prescribes two distinct kinds of punishment. 1st, imprisonment in the State penitentiary; and 2d, sentence to hard labor for the county. The extent of the imprisonment, or the time he should serve the county, would rest with the court, and not with you. Retire, gentlemen, and make your verdict."

This charge was in writing, and was given by the court on its own motion, and without any request in writing, or otherwise, by either the State or the prisoner, to charge the jury on the effect of the testimony.

Section 2678 of the Revised Code of this State is in the following words: " The court may state to the jury the law of the case, and may also state the evidence where the same is disputed, but shall not charge upon the effect of the testimony, unless required to do so by one of the parties."

We hold that this section constitutes a rule for the government of courts in the trial of criminal as well as civil cases, and that it is erroneous for the court to charge the

jury upon the effect of the testimony, unless requested to do so by one of the parties. We also hold the charge in this case, that if the jury believed the evidence, the prisoner was at least guilty of murder in the second degree, is a charge upon the effect of the testimony ; and, being given by the court, without being required to do so, by either of the parties, is an error, for which the conviction and sentence of the court must be reversed.

We also further hold, that in this case, if the prisoner is finally convicted, it will be the duty of the jury to determine, by their verdict, the extent of the punishment, as well as the character of it.

Let the sentence and judgment of the court below be reversed, and the cause be remanded to the court below, for a new trial. Let the prisoner be held in custody until discharged by due course of law.