（88 South. 827）

## DE BARDELABEN v. STATE.　(5 Div. 791.)

（Supreme Court of Alabama.　May 12, 1921.）

1. **Criminal law** ☞763, 764(9)—**Court may not of own motion charge on effect of testimony reducing grade of crime.**

Charge given ex mero motu, that under the state's evidence if believed a finding of murder in the first degree would be justified, and the crime would not be reduced to a lower degree, violates Code 1907, § 5362, inhibiting the court from charging on the effect of the testimony unless required to do so by one of the parties.

2. **Criminal Law** ☞763, 764(9)—**Court may not charge on degree of murder under evidence.**

Under Code 1907, § 7087, providing that, if the jury find defendant guilty under an indict-ment for murder, they must ascertain by their verdict the degree of murder, they may not be charged if the state's evidence is believed the degree of guilt will not be reduced below murder in the first degree.

Appeal from Circuit Court, Elmore County; B. K. McMorris, Judge.

General De Bardelaben was convicted of murder, and appeals. Reversed and remanded.

Appellant was convicted of murder in the first degree, and his punishment fixed at life imprisonment. His defense was an alibi.

The following exceptions were reserved to portions of the oral charge:

"The defendant thereupon duly and legally excepted to that part of the court's oral charge in which it is said in substance as follows: 'The evidence of the state if believed beyond a reasonable doubt would be sufficient to justify the finding of the defendant guilty of murder in the first degree.'

"The defendant also duly and legally excepted to that part of the court's oral charge in which it is said in substance as follows: 'There is in this case, gentlemen, if the state's evidence is believed, there would be elements which go to make up murder in the first degree.'

"And the defendant also excepted to that part of the court's oral charge wherein it is stated in substance as follows: 'If the state's evidence is believed beyond a reasonable doubt, there would not be an absence of deliberation and premeditation, or the absence of maliciousness, which would reduce the crime to murder in the second degree, or manslaughter.'"

George F. Smoot, of Wetumpka, for appellant.

No brief came to the Reporter.

Harwell G. Davis, Atty. Gen., for the State.

No brief came to the Reporter.

GARDNER, J. [1] We are of the opinion that the portions of the oral charge of the court to which exceptions were reserved, as disclosed by the statement of the case, were erroneous, and must work a reversal of the cause. In one aspect the charge was upon the effect of the evidence and, being given ex mero motu, comes within the inhibition of section 5362 of the Code of 1907. Gafford v. State, 125 Ala. 1, 28 South. 406; White v. State, 111 Ala. 92, 21 South. 330; Andrews v. State, 159 Ala. 14, 48 South. 858; McPherson v. State, 198 Ala. 5, 73 South. 387.

[2] It has been held error for the court to so instruct the jury in a case of this character as to take from them the right and duty to ascertain by their verdict whether the defendant was guilty of murder in the first or second degree. This on account of the provisions of section 7087 of the Code of 1907. Gafford v. State, supra; McPherson v. State, supra. That portion of the oral charge con-

---

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

[1] 204 Ala. 474.

stituting the exception last reserved, as above noted, is in effect an instruction to the jury that if the evidence for the state is to be believed, the degree of guilt will not be reduced below murder in the first degree, and therefore comes within the influence of these authorities.

For the errors indicated, the judgment is reversed and the cause remanded.

Reversed and remanded.

ANDERSON, C. J., and SAYRE and MILLER, JJ., concur.