(105 So. 708)

**LITTLE v. STATE.   (4 Div. 81.)**

(Court of Appeals of Alabama.   May 26, 1925. Rehearing Denied June 30, 1925.)

**1. Criminal law ⟐1169(4)—Testimony as to defendant's possession of bottles just before arrest held admissible.**

In trial for possessing prohibited liquors, permitting state's witness ·to testify that defendant had three bottles in his hand just before his arrest *held* not error, where it was subsequently shown that they were bottles containing whisky possessed by him.

**2. Criminal law ⟐365(1)—Testimony as to possession of whisky held admissible as res gestæ.**

In trial for possessing prohibited liquors, testimony that three parties came near witness and asked defendant for some whisky, and that "defendant went back of us and got the whisky and came right out by us," *held* admissible as part of res gestæ.

**3. Criminal law ⟐404(4)—Bottles in defendant's possession just before arrest held admissible.**

In trial for possessing prohibited liquors, bottles in defendant's possession before he threw them down just before his arrest, and their contents, *held* properly admitted.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

J. A. Little was convicted of unlawfully possessing prohibited liquors, and he appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Little, 213 Ala. 550, 105 So. 709.

Baldwin & Murphy, of Andalusia, for appellant.

Counsel argue for error in the rulings assigned, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State. .

Brief of counsel did not reach the Reporter.

⟐For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

SAMFORD, J. The state's evidence tended to prove the charge laid in the indictment, and, if believed beyond a reasonable doubt, was sufficient upon which to base a verdict.

[1] It is contended that the court committed error in permitting a state's witness to testify that the defendant had three bottles in his hand just prior to his arrest. Unconnected, this would have been irrelevant, but following this testimony it was shown that these were the bottles containing the whisky of which the defendant was possessed, if he did so possess any.

[2] It was also relevant for the witness to testify that three parties came near the witness and asked defendant for some whisky. This was a part of the res gestae. Whether witness had opportunity to know whether they asked for whisky was the subject of cross-examination, but not objection to the testimony. The same is true with reference to the statement of the witness that "defendant went back of us and got the whisky and came right out by us." If this witness did not know the facts to which he testified, this could have been shown on cross-examination to his discredit.

[3] The state offered in evidence three bottles containing whisky, which, according to the state's witnesses, were in the possession of defendant before he threw them down just prior to his arrest. These bottles and their contents were properly admitted.

We find no error in the record, and the judgment is affirmed.

Affirmed.