(105 So. 721)

**HOWARD et al. v. STATE. (4 Div. 20.)**

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied August 4, 1925.)

**1. Criminal law ⬅763, 764(7), 1172(2)—Charge held erroneous and prejudicial as upon the effect of evidence.**

In prosecution of father and son for possession of liquor, where father testified that whisky was his and not son's, charge that if jury believed father's statement and other evidence the father was guilty was in effect on the evidence, and in direct conflict with Code 1923, § 9507, and was prejudicial, since jury might have inferred father's statement was fabricated and acquitted him if left to themselves.

**2. Criminal law ⬅789(3)—Charge omitting instruction on reasonable doubt erroneous.**

A jury is unauthorized to return a verdict of guilt unless the evidence is believed beyond a reasonable doubt, and charge omitting such instruction is erroneous.

**3. Criminal law ⬅404(4), 687(1)—Admission of jug which had been used in another case not erroneous, and permitting such testimony after the evidence closed discretionary with court.**

In prosecution for violation of liquor law, admission of jug, which had been used in another case to rebut defendant's charge that jug in case was same as that used by state in another case, *held* not erroneous, and fact that testimony was permitted after evidence had closed was within sound discretion of court.

Appeal from Circuit Court, Covington County; W. L. Parks, Judge.

James M. Howard, Sr., and James M. Howard, Jr., were convicted of having in possession prohibited liquors, and they appeal. Affirmed in part, reversed in part, and remanded.

Certiorari denied by Supreme Court in Ex parte Howard, 213 Ala. 550, 105 So. 721.

Baldwin & Murphy, of Andalusia, for appellants.

Counsel argue for error in the rulings assigned, but without citing authorities.

Harwell G. Davis, Atty. Gen., for the State.

No brief reached the Reporter.

SAMFORD, J. [1] The defendants, father and son, were jointly tried and convicted on a charge of possessing whisky. The whisky was found in the home of the son, and the father, an old man, was at that time visiting at the son's house. The old man, testifying in behalf of himself and his son, said that the whisky was his, and that his son had nothing to do with it. There was testimony tending to prove that the whisky was that of the son. Upon this statement of the father, the court ex mero motu, and without a request in writing, instructed the jury as follows:

"I instruct you that if you believe his (the father's) statement and the other evidence in the case, he (the father) is guilty, and it will be your duty to return a verdict against him."

[2] This in effect was to charge the jury that if they believed the evidence they must find the defendant guilty. It is apparent that this charge is upon the effect of the evidence and is in direct conflict with Code 1923, § 9507, if the evidence is in conflict or affords conflicting inferences. It is true that the statement of the old father assumed entire responsibility for the possession of the whisky, but there were other facts and circumstances from which the jury might have inferred that the possession was alone in the son, and that the father's statement was fabricated in an attempt to save the son from conviction. Under this phase of the case we cannot say that the giving of the charge was error without injury. If left to themselves the jury might have acquitted the father. Code 1923, § 9507; Cole v. State, 16 Ala. App. 55, 75 So. 261; Doby v. State, 15 Ala. App. 591, 74 So. 724; L. & N. R. R. v. Godwin, 191 Ala. 498, 67 So. 675. Moreover, juries are not authorized to return a verdict of guilt unless the evidence is believed beyond a reasonable doubt. This was omitted from the charge, and this omission in itself would render the charge erroneous.

[3] The court, over the objection and exception of defendant, permitted the state to introduce a certain jug which had been used in another case. This testimony was in rebuttal of the testimony of defendant that the jug introduced as having been found in possession of defendant was the same as that used by the state in another case. There was no error in this. The fact that this testimony was permitted after the evidence had closed was within the sound discretion of the court.

There is no merit in other exceptions. For the error pointed out, the judgment as to James M. Howard, Sr., is reversed and the cause is remanded. The judgment as to James M. Howard, Jr., is affirmed.

Reversed in part, and affirmed in part.

⬅For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes