(105 So. 707)

## GRACE v. OLD DOMINION GARMENT CO.
### (6 Div. 803.)

(Court of Appeals of Alabama. June 30, 1925. Rehearing Denied Aug. 4, 1925.)

**1. Appeal and error 528(1)—Overruling motion for new trial held not presented for review.**

Trial court's action in overruling motion for new trial *held* not presented for review, where neither motion nor judgment thereon were incorporated in bill of exceptions, as required by statute.

**2. Courts 91(1)—Decisions of Supreme Court controlling.**

Court of Appeals is required to follow decisions of Supreme Court, in view of Code 1923, § 7318.

**3. Appeal and error 1078(1)—Assignments of error not argued waived.**

Under the rule, all assignments of error not argued and insisted upon are waived.

**4. Appeal and error 739—Blanket assignment of error to charges not sustained if any one of charges was proper.**

Under an assignment of error that "lower court erred in giving written charges requested by appellee and marked given by the court," if any one of such charges was proper, assignment will not be sustained.

Appeal from Circuit Court, Jefferson County; John Denson, Judge.

Action in assumpsit by M. B. Grace against the Old Dominion Garment Company. Being dissatisfied with the judgment in his favor, plaintiff appeals. Affirmed.

Certiorari denied by Supreme Court in Ex parte Grace, 213 Ala. 550, 105 So. 707.

Matthews & Morrow, of Birmingham, for appellant.

If the verdict of the jury is clearly inadequate, and less than the amount of damages proven, it should be set aside. The motion for new trial should have been granted. 29 Cyc. 847; Ætna A. & L. Co. v. B. R., L. & P. Co., 198 Ala. 72, 73 So. 383; Standard Oil Co. v. Humphries, 205 Ala. 529, 88 So. 855; 20 R. C. L. 283.

Cabaniss, Johnston, Cocke & Cabaniss and Brewer Dixon, all of Birmingham, for appellee.

There was no error in the denial of the motion for a new trial. Lowe v. Reed, 207

Ala. 278, 92 So. 467; Zimmer v. Kilborn, 165 Cal. 523, 132 P. 1026, Ann. Cas. 1914D, 368.

RICE, J. This was a suit by appellant (plaintiff in the court below) against appellee, claiming an amount due as attorney's fees, for services rendered. From the judgment in his favor, appellant brings this appeal. In the view we have taken of the case, it is unnecessary to state or to discuss the evidence.

[1, 2] The principal insistence of error made by the appellant is as to the action of the trial court in overruling his motion for a new trial. Neither the motion nor the judgment thereon is incorporated in the bill of exceptions, as is required by statute, and no exception to the ruling on same is presented to us. We are of course required to follow the decisions of the Supreme Court (Code 1923, § 7318), and under the authority of Stover v. State, 204 Ala. 311, 85 So. 393, and other decisions of like import, we must decline to consider and pass upon the ruling complained of.

[3, 4] Under the rule all assignments of error not argued and insisted upon are waived. Accordingly, the only other assignment that requires mention here is that by appellant numbered 4 which is in words as follows: "The lower court erred in giving the written charges requested by the appellee and marked given by the court." An examination of the record reveals that there were given, at appellee's request, five separate written charges. Under another and well known rule, if any one of these charges was properly given, appellant can take nothing by his said assignment of error No. 4. Charge No. 4, given at appellee's request, we think obviously and patently stated a correct proposition of law, and was due to be given to the jury. In fact, appellant tacitly concedes as much by refraining from criticism of the said charge in his brief filed on this appeal. The lack of error involved in the giving of appellee's said written charge 4, without our passing upon the other written charges given at its request, produces a like lack of error in appellant's assignment No. 4.

What we have said above disposes of all the rulings complained of in the brief for appellant, and, there appearing no prejudicial error in the record, the judgment must be affirmed.

Affirmed.

For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes