(105 So. 709)

### Ex parte J. A. LITTLE.   (4 Div. 235.)

(Supreme Court of Alabama.   Oct. 15, 1925.)

Certiorari to Court of Appeals.

Baldwin & Murphy, of Andalusia, for petitioner.

Harwell G. Davis, Atty. Gen., opposed.

PER CURIAM.   Petition of J. A. Little for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Little v. State, 105 So. 708. Writ denied.

ANDERSON, C. J., and SAYRE, GARDNER, and MILLER, JJ., concur.

---

(105 So. 721)

### Ex parte James M. HOWARD, Jr.
### (4 Div. 239.)

(Supreme Court of Alabama.   Oct. 15, 1925.)

Certiorari to Court of Appeals.

Baldwin & Murphy, of Andalusia, for petitioner.

Harwell G. Davis, Atty. Gen., opposed.

MILLER, J.   Petition of James M. Howard, Jr., for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Howard et al. v. State, 105 So. 721.

Writ denied.

ANDERSON, C. J., and SAYRE and GARDNER, JJ., concur.

---

(105 So. 707)

### Ex parte GRACE. ·

### GRACE v. OLD DOMINION GARMENT CO.

### (6 Div. 529.)

(Supreme Court of Alabama.   Oct. 15, 1925.)

1. Appeal and error ⬡⇒528(1)—Motion for new trial and judgment thereon, if found in record proper, not required to be set out in bill of exceptions.

In bringing up for review ruling of lower court overruling a motion for new trial, it is not required that motion and judgment thereon, if found in record proper, be set out in bill of exceptions, but it must contain a sufficient recital to show making of such motion, ruling thereon, and an exception thereto, in view of Code 1923, § 6088.

2. Appeal and error ⬡⇒528(1)—Overruling motion for new trial held not presented for review.

Action of trial court in overruling motion for new trial *held* not presented for review, where bill of exceptions made no mention of motion for new trial, any ruling thereon, or exception thereto.

Certiorari to Court of Appeals.

Petition of M. B. Grace for certiorari to the Court of Appeals to review and revise the judgment and decision of that court in the case of Grace v. Old Dominion Garment Co., 105 So. 707.   Writ denied.

Matthews & Morrow, of Birmingham, for appellant.

It was not necessary that the motion for new trial be set out in the bill of exceptions. Acts 1925, p. 598; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Newman v. Morgan, 202 Ala. 606, 81 So. 548; Nat. Surety Co. v. O'Connell, 202 Ala. 684, 81 So. 660.

Cabaniss, Johnston, Cocke & Cabaniss, of Birmingham, for appellee.

Brief of counsel did not reach the Reporter.

BOULDIN, J.   [1] In bringing up for review the ruling of the lower court overruling a motion for new trial, it is not required that the motion and judgment thereon, if found in the record proper, be set out in the bill of exceptions, but the bill of exceptions must contain a sufficient recital to show the making of such motion, the ruling thereon, and an exception thereto.   Code 1923, § 6088; Powell v. Folmar, 201 Ala. 271, 78 So. 47; Pacific Fire Ins. Co. v. Burnett, 212 Ala. 287, 102 So. 214; Stover v. State, 204 Ala. 311, 85 So. 393; Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 So. 548.

In so far as the opinion of the Court of Appeals holds that the motion and judgment thereon, which appear in the record proper, must appear in the bill of exceptions, it is out of harmony with the established rule. There is a misleading dictum to like effect in Birmingham Waterworks Co. v. Justice, 204 Ala. 547, 86 So. 389.

[2] The bill of exceptions in the present case makes no mention of a motion for new trial, any ruling thereon, or exception thereto.   It follows that the result of the decision of the Court of Appeals is correct.

Writ denied.

SOMERVILLE, THOMAS, and MILLER, JJ., concur.

---

⬡⇒For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes