(126 So. 896)

HARMON v. STATE.

8 Div. 994.

Court of Appeals of Alabama.

March 18, 1930.

Bradshaw & Barnett, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., and Merwin T. Koonce, Asst. Atty. Gen., for the State.

**SAMFORD, J.**

The court, in his oral charge, after instructing the jury, said: "If after a careful consideration of all the testimony in this case you are satisfied beyond a reasonable doubt that the defendant is guilty of assault with intent to murder as charged in this indictment you will find the defendant guilty. * * * If on the other hand you are not satisfied beyond a reasonable doubt that the defendant was capable of having the criminal intent that is necessary before you can find him guilty as charged in the indictment, but you are satisfied beyond a reasonable doubt that he did assault the woman with a knife, then you can find the defendant guilty of assault with a weapon." The defendant excepts to that part of the charge as follows: "But you are satisfied beyond a reasonable doubt that he did assault the woman with a knife, then you can find the defendant guilty of assault with a weapon." The foregoing excerpt taken and considered with the whole charge is based upon a consideration of the entire evidence and does not take away from the jury the duty of passing upon all of the testimony and of finding the defendant guilty or not guilty as the facts warrant, nor does the charge violate section 9507 of the Code 1923. There is a clear distinction between the charges here and those considered in De Bardeleben v. State, 205 Ala. 658, 88 So. 827; Howard v. State, 21 Ala. App. 89, 105 So. 721, and other cases relied on by appellant. The case of Dunn v. State, 8 Ala. App. 410, 62 So. 996, states the correct rule on the subject and the charge given by the court when taken as a whole does not violate the rule.

It is insisted by appellant in his brief that the court erred in instructing the jury: "When the assault is made with a deadly weapon in sufficient proximity to inflict a deadly wound then the law implies that malice from the use of the deadly weapon and the burden is on the defendant of proving that the assault was not with such intent." The foregoing is an erroneous statement of the law in at least two particulars: (1) It is lacking in the qualifying phrase: "Unless the evidence which proves the assault rebuts the presumption of malice." (2) In placing too much burden on the defendant. The fault with defendant's insistence is that the record does not bear out his contention. The exception reserved is: "Assault is implied from the use of a deadly weapon and places on the defendant the burden of proving that he did not have the intent." When we turn to the oral charge of

470

the court we find no such expression as will justify the exception. It may be that appellant intended it otherwise, but the record alone speaks to us.

■■ The court properly charged the jury: "Voluntary drunkenness is no defense." "Drunkenness in order to be a defense must amount to insanity." "Drunkenness can be no defense to an assault with a weapon." The foregoing excerpts from the court's oral charge are so fragmentary as hardly to justify consideration. What the court really charged the jury on this subject is as follows: "Now the defendant says that he does not remember anything about it. I call your attention Gentlemen to the fact that the law does not make drunkenness a defense. It is a well established principle of law in this State that voluntary drunkenness at the time of the commission of a crime is no defense. If a person through his voluntary acts drinks to intoxication and while in that condition commits an act which would be a crime were he sober, he is held legally responsible, unless his drunkenness had resulted in insanity or rendered him incapable of entertaining the criminal intent which is a specific ingredient of the offense charged in this indictment, assault with intent to murder. Mere drunkenness in itself is not insanity and drunkenness will not excuse criminal conduct except where it extends so far as to destroy the capacity of the defendant to distinguish between right and wrong. That is the law with reference to the defense that the defendant interposes here." We cannot consider the fragments of a charge, but must consider the charge as a whole. Rhodes v. State, 3 Ala. App. 182, 57 So. 1021; McGee v. State, 4 Ala. App. 54, 58 So. 1008.

■ The defendant requested the court in writing to give this charge: "5. I charge you when an assault is committed by means and in a manner that is calculated to produce death, and death does not ensue, intent to murder does not arise as a necessary consequence of the assault."

The court in his oral charge had instructed the jury: "There must be malice in the attempt to take human life to constitute this statutory offense, but gentlemen, the law also says that when the assault is made with a deadly weapon in sufficient proximity to inflict a deadly wound, then the law implies that malice from the use of the deadly weapon, and the burden is on the defendant of proving that the assault was not with such intent."

As has been hereinbefore pointed out, this part of the court's general charge was error, and, if there had been an exception taken, the point would have entitled defendant to a reversal. Failing in this, the defendant was entitled to have the jury instructed as was requested in refused charge 5. As an original proposition this charge might have been mis-

leading, but not so when the court has given instructions which are in need of modification. For this error the judgment is reversed, and the cause is remanded.

Reversed and remanded.