(129 So. 785)

## EVERS v. STATE.

### 5 Div. 819.

Court of Appeals of Alabama.
Aug. 19, 1930.

Jas. W. Strother, of Dadeville, and Hill, Hill, Whiting, Thomas & Rives, of Montgomery, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The evidence in this case was in conflict, that for the state tending to prove the charge laid in the indictment, and that for the defendant tending to prove the defendant's innocence. In his oral charge to the jury and without having been requested in writing to do so, the trial judge charged the jury: "If you believe beyond a reasonable doubt from this testimony that Wensley Evers did kill Jesse Pearson by shooting him with a pistol, then I charge you he is guilty of murder in one or other of these degrees under this testimony, and it would be your duty to so find, because there is no justification offered here on his part if he did the killing." This part of the court's charge was duly excepted to, and is here presented as error, as being a charge upon the effect of the evidence in violation of section 9507 of the Code.

A charge upon the effect of the evidence within the meaning of the above statute is a charge which instructs the jury that certain facts in issue have been proved or not proved, or that certain evidence in the case does or does not establish a certain fact or facts in dispute, or directs the jury what their finding on an issue of fact must be if they believe the evidence in the case, etc. Dunn v. State, 8 Ala. App. 410, 62 So. 996.

In the case of Washington v. State, 125 Ala. 40, 28 So. 78, the excerpt from the oral charge of the court was: "If you believe that the defendant had both pistols at the time he fired the fatal shot, and the deceased was disarmed and defendant knew it, then this defendant would be guilty of murder in the first degree." As to this exception the court said: "The second part of the oral charge [above quoted] is fatally erroneous. It was for the jury to find, under all the evidence in the cause, whether the defendant was guilty of any offense or not, and if guilty, to ascertain * * * murder in the first or second degree, or of manslaughter in the first degree,—which this charge took away from them." In Gafford's Case, 125 Ala. 1, 28 So. 406, a charge given on the court's own motion that the verdict should be either for murder in the first degree or acquittal, was upon the effect of the evidence, and violates section 9507 of the Code of 1923. In Collins v. State, 138 Ala. 57, 34 So. 993, it was held that a charge which instructed the jury that the defendant was guilty of "murder or nothing" was error and was in violation of the statute, in that it was a charge upon the effect of the evidence and not requested in writing. In De Bardelaben v. State, 205 Ala. 658, 88 So. 827, a charge of the court given, ex mero motu, similar in import to the charge in the instant case, was held to be upon the effect of the evidence. In Baugh v. State, 218 Ala. 87, 117 So. 426, the degree of guilt was left to the jury, and it was especially pointed out that the hypothesis included an *intentional* shot. And so all of our decisions, both of this court and of the Supreme Court, are meticulous in preserving the rights given by the statute to a defendant on trial that, however conclusive a state of facts may seem, the trial judge must not instruct the jury affirmatively thereon, unless requested to do so by one of the parties in writing. The statute in question has been the subject of much criticism by bench and bar, and in federal and some other jurisdictions a different rule obtains. In the face of this, the Legislature has failed to change the rule, and

the courts have held to a strict application of it from Edgar v. State, 43 Ala. 312, to the present time. In this case it might be pointed out that the charge does not hypothesize an intentional act on the part of the defendant; there is no consideration given to motive or malice, and it takes away from the jury the right to consider the absence of motive in determining the question of malice which is a necessary ingredient of murder in either degree.

■■ The excerpt from the court's oral charge above quoted is also invasive of the province of the jury. There can be no conviction of a person charged with crime until at least two things have been established beyond a reasonable doubt: (a) The corpus delicti; and (b) a guilty agency. These two things must be established by the evidence to the satisfaction of the jury, and are never questions for the court. Winslow v. State, 76 Ala. 42; Hill v. State, 207 Ala. 446, 93 So. 460. The court in the charge above assumed and decided both as to the corpus delicti and as to the intentional act of defendant. See Ezell's Case, 102 Ala. 112, 15 So. 810.

■ After the shooting of Jesse Pearson, and when he was being taken in a car towards Dadeville, the car stopped, and three boys came up to where the car was. The defendant had followed the car in which was Jesse, and when the car stopped defendant called the three boys up to Jesse and asked Jesse "who shot him and then (defendant) had a pistol in his hand, and he asked them did they hear that and they told him yes sir, and he told them, better swear it." The foregoing constituted an incriminating circumstance against the defendant, and as such was admissible in evidence.

Other questions presented by this record will probably not arise on another trial.

It is but fair to state that the Attorney General concedes error in the record.

For the error pointed out, the judgment is reversed, and the cause is remanded.

Reversed and remanded.