Giving effect to the provisions of the statutes, now sections 4457 and 9507 of the Code of 1923, this court has consistently ruled that on the trial under an indictment for murder, it is the mandatory duty of the court to instruct the jury as to the elements of both degrees of murder; that the duty and authority to determine the degree of the offense, in the event of conviction, rest with the jury and not the court; that the refusal of the court to so instruct the jury, when requested to do so, or the giving of an affirmative instruction, ex mero motu, which limits the verdict to murder in the first degree or to an acquittal, is a charge on the effect of the evidence, and an invasion of the province of the jury in contravention of these statutes. Williams v. State, 130 Ala. 107, 30 So. 484; Brown v. State, 109 Ala. 70, 20 So. 103; Mitchell v. State,210 Ala. 457, 98 So. 285; DeBardelaben v. State, 205 Ala. 658,88 So. 827; Gafford v. State, 125 Ala. 1, 28 So. 406; Johnson v. State, 17 Ala. 618.
The defendant's exceptions to the oral charge of the court, designated in the statement of the case as "Exceptions 1 and 5," must, therefore, be sustained, and for these errors the judgment must be reversed, unless they have been rendered innocuous by the act of defendant in requesting the affirmative charge as to murder in the second degree, which charge was requested along with the affirmative charge as to murder in the first degree. The first of these charges was given by the court and the other refused.
In requesting these charges the defendant was merely exercising a statutory right (Code 1923, § 9509), and we are not of opinion that the giving of the affirmative charge as to murder in the second degree, at defendant's request, was a waiver of the errors of the court previously committed.
Moreover, the charge given was, itself, erroneous, in that it invaded the province of the jury, and while the error was invited by the defendant, and as to it he cannot complain, we know of no principle of law or logic that affirms that one error cures another, even though the last be an invited error. Washington v. State, 125 Ala. 40, 28 So. 78.
Exceptions 2 and 4, taken to the oral charge of the court, are without merit. When the instructions complained of here are read in connection with the paragraphs of the oral charge of the court in which they are embodied, they appear to be correct statements of the law. Johnson v. State, 223 Ala. 332,135 So. 592.
Defendant's written charge 17, as applied to the evidence and its tendencies, was refused without error. Pitman v. State,148 Ala. 612, 42 So. 993; Bohlman v. State, 135 Ala. 45, 33 So. 44; Shepperd v. State, 94 Ala. 102, 10 So. 663; Ex parte Hill (Hill v. State), 211 Ala. 311, 100 So. 315.
It was permissible for the court to allow the solicitor to refresh the recollection of the witness Odum, who seems to have misunderstood the previous questions put to him, or to have suffered a lapse of memory from fear or other influence. Hickman v. State, 12 Ala. App. 22, 67 So. 775; White v. State,87 Ala. 24, 5 So. 829. *Page 80 
In view of the evidence going to show that the culprit who held up and killed Smith wore striped overalls and a black shirt, such as was worn by the employees at the Blue Ribbon Filling Station where the killing occurred, it was defendant's right to show that the employees at the filling station where the defendant worked wore a different character of overalls or "coveralls."
The objection to the testimony of the witness King, and motion to exclude, were well taken. This testimony was offered after the defendant had testified that he made a confession while under coercion from punishment previously administered after his arrest. The predicate subsequently laid by the questions of the court does not exclude the inference that the confession was made under the influence of fear.
While the law abhors murder, and provides every legitimate means humanly possible to bring the manslayer to justice, it does not tolerate questionable practices by persons in authority of procuring evidence, and excludes as evidenceextrajudicial confessions of guilt made under the pressure of fear or hope in respect to the alleged crime. The true grounds upon which the rule rests "is, not because any wrong is done to the accused, in using them, but because he may be induced, by the pressure of hope or fear, to admit facts unfavorable to him, without regard to their truth, in order to obtain the promised relief, or avoid the threatened danger, and therefore admissions so obtained have no just and legitimate tendency to prove the facts admitted." Commonwealth v. Morey, 1 Gray (Mass.) 461; Wilson v. State, 110 Ala. 1, 20 So. 415, 55 Am. St. Rep. 17; Bullock v. State of New Jersey, 65 N.J. Law, 557,47 A. 62, 86 Am. St. Rep. 668; Commonwealth v. Cuffee,108 Mass. 285; People v. Wolcott, 51 Mich. 612, 17 N.W. 78; Ammons v. State, 80 Miss. 592, 32 So. 9, 92 Am. St. Rep. 607, 18 L.R.A. (N.S.) 768, and note page 772.
And the rule of our decisions is that confessions are presumed to be involuntary, and are prima facie inadmissible, and the burden is on the state to show that they are voluntary. Redd v. State, 69 Ala. 255; Amos v. State, 83 Ala. 1,3 So. 749, 3 Am. St. Rep. 682; Campbell v. State, 150 Ala. 70,43 So. 743; Cook v. State, 16 Ala. App. 390, 78 So. 306.
"So when a confession has been once obtained through the influence of hope or fear, confessions of a similar character subsequently made, as is uniformly held, may be inferred to have originated from the same motive, and in the absence of evidence to the contrary showing that the original influence had ceased, or been dispelled, they are inadmissible." Redd v. State, supra; Note 6 Am. St. Rep. 249.
The predicate for King's testimony was manifestly insufficient in failing to exclude the inference that the confession was made under the influence of fear, the result of the whipping of the defendant and the others held with him in connection with the murder for which the defendant was tried.
Inasmuch as the judgment of conviction must be reversed, and in view of another trial, we deem it not improper to observe that if on another trial a proper predicate is laid for the confession taken down by the witness King and correctly transcribed, as his testimony shows, the written transcription would be admissible, and the defendant is entitled to have the entire confession admitted in evidence. 1 Bishop, Cr. Procedure, § 1241; People v. Navis, 3 Cal. 106; Note 6 Am. St. Rep. 251.
For the errors noted the judgment of the circuit court is reversed and the cause remanded. The defendant will remain in custody until discharged by due process of law.
Reversed and remanded.
ANDERSON, C. J., and THOMAS, BOULDIN, and FOSTER, JJ., concur.
GARDNER and KNIGHT, JJ., concur in the reversal on the rulings on evidence.