147 So. 649

## DAVIS v. STATE.

### 8 Div. 577.

Court of Appeals of Alabama.

April 11, 1933.

Wm. L. Chenault, of Russellville, for appellant.

Thos. E. Knight, Jr., Atty. Gen., for the State.

Brief did not reach the Reporter.

RICE, Judge.

Appellant was convicted of the offense of petit larceny.

█ It is well settled that a scintilla of evidence supporting a contention at issue is all that is necessary to require the question raised thereby to be submitted to the jury for decision. Norwood Hospital v. Brown, 219 Ala. 445, 122 So. 411.

There *was* such scintilla, supporting the charge made by the state, in this case. Hence, the general affirmative charge, duly requested by appellant, was properly refused.

█ It is, likewise, well settled that for the appellate court to be enabled to review the action of the trial court with reference to the motion for a new trial made there by the defendant (appellant) on the ground of the insufficiency of the evidence to support the verdict, etc., or on any other ground, the bill of exceptions "must contain a sufficient recital to show the making of such motion, the ruling thereon, and *an exception thereto*" (italics ours). Ex parte Grace (Grace v. Old Dominion Garment Co.), 213 Ala. 550, 105 So. 707, 708. And see Grace v. Old Dominion Garment Co., 21 Ala. App. 96, 105 So. 707.

In the instant case, no *exception* is shown, as required, to the *ruling* on appellant's motion for a new trial; hence, etc. We have "consider[ed] all questions apparent on the record or reserved by bill of exceptions," in accordance with the provisions of Code 1923 § 3258.

But we find no prejudicially erroneous ruling. And the judgment of conviction is affirmed.

Affirmed.