186 So. 784

### SAVAS v. PALMER.
### 8 Div. 717.

Court of Appeals of Alabama.
Feb. 21, 1939.

Thos. W. Layne and Robt. K. Bell, both of Huntsville, for appellant.

Griffin & Ford, of Huntsville, for appellee.

RICE, Judge.

Appellee sued appellant on the common counts for work and labor done. The jury returned a verdict in favor of appellant.

But upon appellee's motion this verdict, and the judgment rendered thereon, were set aside.

Appellant brings this appeal from the judgment granting appellee's said motion; the entering of said judgment being the only error assigned.

In a comparable situation, Mr. Chief Justice Anderson, for the Supreme Court, used the following language, which we deem appropriate to be quoted here, and decisive of this appeal, to-wit: "The first three assignments of error, as well as the chief argument in brief of appellant's counsel, relate to the action of the trial court in refusing the appellant's motion

for a new trial. It is sufficient to say that the bill of exceptions does not disclose any exception to the action of the trial court in overruling the motion for a new trial. The fact that this may appear in the record proper will not suffice. * * * We cannot therefore review the action of the trial court in refusing the motion for a new trial." Standard Paint & Lead Works, Inc. v. Ingram Hardware Company, 221 Ala. 374, 129 So. 20, 21—citing Ex parte Grace, Grace v. Old Dominion Garment Co., 213 Ala. 550, 105 So. 707.

We apprehend the law is the same whether it is sought to review the action of the lower court *refusing,* or *granting,* a motion for, a new trial (e. g., Grand Bay Land Co. v. Simpson, 202 Ala. 606, 81 So. 548, was an appeal from an order *granting* such a motion); and, concerning such matters, as said by Mr. Justice Bouldin in the case of Ex parte Grace, Grace v. Old Dominion Garment Co. supra [213 Ala. 550, 105 So. 708]: "In bringing up for review the ruling of the lower court * * * the *bill of exceptions* must contain a sufficient recital to show * * * *an exception thereto.*" (Italics ours). And see Davis v. State, 25 Ala.App. 412, 147 So. 649.

Here, we have searched in vain to find in the *bill of exceptions* any *exception* reserved to the action of the lower court in granting appellee's motion to set aside the verdict of the jury.

And while we are of the opinion said action might be well sustained—on principles of law we will not stop to discuss—it is sufficient to say that we are precluded from reviewing same. Authorities supra.

The judgment is affirmed.

Affirmed.