## HANKINS v. STATE.
### 6 Div. 291.

Court of Appeals of Alabama.
Feb. 21, 1933.

Rehearing Denied June 30, 1933.

R. G. Redden, of Vernon, and Ernest B. Fite, of Hamilton, for appellant.

Thos. E. Knight, Jr., Atty Gen., for the State.

Brief did not reach the Reporter.

RICE, Judge.

Appellant was convicted of the offense of manslaughter in the first degree, and his punishment fixed at imprisonment in the penitentiary for the term of eight years.

No exceptions worthy of mention were reserved on the taking of testimony.

■ The written charges given at appellant's request—and there were a very great number of same—taken in connection with the trial court's excellent oral charge, fully and accurately gave to the jury every possibly applicable principle of law; and hence there was no error committed by the refusal of any written requested charge, regardless of its contents. Code 1923, § 9509.

After the jury considering the case had been out all night, i. e., from about 8 o'clock p. m. until the ensuing morning at about 9 o'clock, they reported to the trial judge that they could not agree, etc., and asked to be discharged. Whereupon said judge informed them that he was without authority to discharge them unless, and until, one of *four* things took place, or was in existence, namely: (1) "That one or more members of the jury must be sick; or (2) that the parties to the cause agree to a mistrial; or (3) that the term of court at which the trial was had must be about to expire; or (4) that in the opinion of the court the ends of justice would otherwise be defeated or there exists a manifest necessity for the discharge of the jury."

After detailing that no juror was sick, no agreement, etc., had been made, the term of court, etc., would not expire for some time, etc., said learned trial judge announced that he was not yet ready to certify that in his opinion the ends of justice would otherwise be defeated, etc., unless he granted their request. And he directed that they return to their jury room and continue their deliberations. They did so. And, after some further deliberation—from thirty minutes to one hour—returned into court their verdict as hereinabove referred to.

While the court was addressing the jury as outlined, appellant and his counsel were present, and, though we deem it immaterial, interposed no objection.

■ Was the occurrence between the jury and the court, just hereinabove narrated, ground for granting appellant's motion to set aside the verdict, etc., and grant him a new trial? We think not.

The learned trial judge did no more than state to the jury the pertinent rules of law governing him, and them, in the conduct of the trial. And, so far as we observe, he stated them fully and correctly. Code 1923, chapter 311, art. 14 (sections 8692–8696); Andrews v. State, 174 Ala. 11, 56 So. 998, Ann. Cas. 1914B, 760.

To have granted, in defiance of these rules, the request made by the jury, would have been error on the part of the court; and egregious error, since, as stated by this court in the opinion in the case of Spelce et al. v. State, 20 Ala. App. 412, 103 So. 694, 698 (certiorari denied by Sup. Ct. 212 Ala. 559, 103 So. 705): "Unless something has occurred after the jury were sworn, which in *legal contemplation* necessitates the withdrawal of the case from the jury, the discharge of a jury without verdict and before the expiration of the term *acquits the defendant.*" (Italics ours.)

Many eloquent comments have been made, and could be made, and sometimes *should* be made, on the importance of allowing juries, especially in criminal cases—where liberty, maybe life, is involved—to reach their verdicts, or to consider cases, calmly, soberly, and without any sort or intimation of coercion or duress.

But for a trial court, when appealed to, to simply, and merely, and correctly, give to the jury a knowledge of the law by which he must be governed, and by which they must be governed, cannot, by any method of reasoning known to us, be deemed in any respect improper. As for the jury, if the law, or a knowledge thereof, coerce them, let them be coerced! And thereby rehabilitate *respect* for law!

The appellant in this case was shown to have had an excellent reputation; doubtless not a single juror but that had his sympathies touched by the circumstances of the case. However, the evidence on the part of the state was abundant to support the verdict of guilt as returned; it was not disputed, in a way calculated to impress.

We discover, nowhere, a prejudicially erroneous ruling or occurrence, and the judgment of conviction must be, and is, affirmed.

Affirmed.