133 So.2d 207

Jessie Mae **JACKSON**

v.

**STATE.**

**7 Div. 611.**

Court of Appeals of Alabama.

May 16, 1961.

Rehearing Denied June 30, 1961.

Arthur Burns and Gary F. Burns, Gadsden, for appellant.

MacDonald Gallion, Atty. Gen., and Robt. M. Hill, Jr., Asst. Atty. Gen., for the State.

CATES, Judge.

Jessie Mae Jackson appeals from her conviction of voluntary manslaughter for killing her husband, Odell Jackson, by shooting him with a pistol. The jury fixed her punishment at five years in the penitentiary.

According to the State's evidence, the Jacksons had got into a quarrel on Saturday night, February 14, 1959, because of his jealousy. He made her walk home while he drove there.

The argument grew: the husband was quite drunk. The wife went to the bedroom and fetched a 22-caliber pistol which she fired five times. Her testimony was that she aimed over his head or to one side or the other. On the last shot he rose from his chair toward her thus getting the bullet in his left side.

Besides the Jacksons, Lother Cook was the only person in the house when the shooting took place. He testified for the State.

■ On cross-examination, the defense tried to bring out that Cook's mother had recently been killed in circumstances leading to a murder warrant. Another question would have gone into Cook's dealings with the solicitor concerning his mother's death. The trial judge ruled out each question as irrelevant.

We agree: there is nothing in the questions which would elicit any animus on the witness's part directed toward the defendant because some unnamed person had murdered the witness's mother. Nor would Cook's seeing the solicitor about his mother's death be a naked circumstance importing prejudice against Jessie Mae Jackson, the defendant here. In Hall v. State, 137 Ala. 44, 34 So. 680, 681, Tyson, J., said:

"While it is always competent to show the bias of a witness by proving that he sustains such a relation to a party as would likely influence his testimony, this rule cannot be stretched to the extent of allowing a defendant to show that a witness for the state is the husband of the washerwoman of the deceased."

■ During his closing argument, the solicitor was somewhat scornfully reconstructing the defendant's version, emphasizing her alleged omissions and inconsistencies. The record shows:

"She never did tell you how he got from there into the bedroom. She would have you believe that after he got shot way off up here, then he turned around and walked all the way back into that bedroom and fell dead— fell down in the floor. She went right along behind him—not having intended

to hit him she still didn't know whether he was shot or not. She was scared to death of him, but she was going to follow him right on into that room. And up until that time he hadn't indicated in any way that he was hit—

"Mr. Burns: We are going to object to that, that is plainly contrary to the evidence.

"The Court: Well, I will let him argue it as he sees the evidence, you had your chance to argue it. Gentlemen, you heard the evidence and neither lawyer can testify, they are just arguing it as they saw it."

Undisputedly the deceased was found shot on the bedroom floor. The solicitor's argument was of a permissible inference.

■ The refusal of defendant's requested charges 10, 14, and 22 was proper. The oral charge and the given written charges substantially and fairly covered the law involved. Code 1940, T. 7, § 273, sentence 4.

On direct examination of the appellant, we find:

"Q. Would you tell the Court and jury about some of those instances when he—previous instances when he committed violence toward you?

"Mr. Wright: We object to the details.

"The Court: Yes, you can't give the details. You can give the place and times when you say he did, but don't go into the details of it."

■ Thereupon defense counsel was permitted by the court to bring out that one time the deceased had broken her arm. On another he had stomped her with the result that she was confined to bed about a week and a half. She also testified that on many other occasions he had committed violence on her.

We see no error in the court's ruling when the defendant brought out the instances cited and was further allowed to testify that her husband had committed violence on her many times. Bryant v. State, 252 Ala. 153, 39 So.2d 657.

We have carefully considered the entire record as required by the statute and conclude the judgment of the circuit court is due to be

Affirmed.

## On Application for Rehearing

CATES, Judge.

At appellant's request we extend the opinion as to refused charges 10, 14 and 22; otherwise, Haynes v. State, 268 Ala. 546, 109 So.2d 746, might afford the Supreme Court a basis for not considering our opinion regarding these charges. Counsel also wants us to point out pertinent parts of the oral charge.

■ Haynes v. State, supra, has apparently not overruled Brown v. State, 249 Ala. 5, 31 So.2d 681 (Gardner, C. J., and Livingston, J., dissenting), as to the Supreme Court's looking at the trial court's oral charge when the Court of Appeals refers to it as obviating the need for a particular requested instruction. Brown (on this point) has been approvingly cited in Redwine v. State, 258 Ala. 196, 61 So.2d 724; Barber Pure Milk Co. v. Young, 263 Ala. 100, 81 So.2d 328; Southern Ry. Co. v. Terry, 268 Ala. 510, 109 So.2d 919; and Petty v. State, 269 Ala. 48, 110 So.2d 325.

Moreover, the Legislature has adjured us not "to write opinions in cases [which] * * * merely reaffirm previous decisions * * * or when the cases * * * would * * * serve no useful purpose as precedents." Code 1940, T. 13, § 66. Blackwood v. Maryland Cas. Co., 227 Ala. 343, 150 So. 180 (on mandamus). We see no harm to appellant nor need of our quoting herein from the oral charge.

Charge 10 (refused) brings out only one phase of law not covered by charge 4 (given) : the right of a self-defendant aware of threats "to take more prompt and decisive steps" when assaulted by one of violent repute. Gratis dictum in Bone v. State, 8 Ala.App. 59, 62 So. 455, is the only support we find. Jones, Ala. Jury Instr., § 7554. In Roberts v. State, 68 Ala. 156 (where the question was on admission of evidence), the legal principle is given with a standard of comparing "more prompt and decisive steps" with those needed to repel an assailant of "opposite character." Refused charge 10 leaves this thought only as a matter of unclear implication. PRICE, J., and the writer consider this to be "ellipsis" and hence capable of misleading the jury.

HARWOOD, P. J., thinks that this aspect of charge 10 is not elliptical because the standard of comparison is supplied by an understandable implication. He thinks the refusal of charge 10 was not error because charge 4 (given) fairly and substantially sets out the instant legal principle referred to in the Roberts opinion.

■■ The entire court considers charge 10 faulty in that all that precedes "if you believe from the evidence" is left in the abstract. The right to repel whether quickly or slowly is defensive only, and a finding that the defendant was free from fault and in peril (she unquestionably being in her own home) was necessary. The charge leaves this finding out. See Anderson, J., in Beasley v. State, 181 Ala. 28, 61 So. 259.

■ Charge 14 (refused) was not only more correctly covered by the oral charge, but was also misleading because it used the incomplete phrase "and in connection."

■ Charge 22 (refused) held good in McAdory v. State, 62 Ala. 154, Jones, supra, § 7129, was on "reasonable doubt," a subject properly and fully covered by the oral charge.

Application overruled.