**Marvin BROWN, Appellant,**

**v.**

**STATE of Delaware, Appellee.**

Supreme Court of Delaware.

Oct. 5, 1967.

Michael F. Tucker and James F. Kipp, Asst. Public Defenders, Wilmington, for appellant.

Francis A. Reardon, Deputy Atty. Gen., Wilmington, for the State.

WOLCOTT, C. J., and CAREY and HERRMANN, JJ., sitting.

WOLCOTT, Chief Justice:

This is an appeal from a conviction of murder in the second degree. The prisoner argues that (1) error was committed in the refusal of the trial judge to enter judgment of acquittal at the close of the State's case, and (2) that the evidence was insufficient to support the conviction. We treat the two as one for the reason that both raise the sole question of the sufficiency of the State's case.

The prisoner is charged with the fatal shooting of one B. J. Keller. In fact, he admitted the shooting but maintained that he killed in self-defense.

The uncontroverted facts are that on the night of April 15, 1966, the prisoner was

riding in a car which stopped on the 16th Street Bridge in Wilmington behind a stalled car in which the prisoner's brother was riding as a passenger. At the same time, several individuals, one of whom was Keller, were walking across the bridge toward the stalled car. Earlier that night the prisoner had had trouble with Keller. As Keller approached the stalled car, he saw the prisoner's brother; drew a razor and, through the open window at the rear seat, began cutting the prisoner's brother, inflicting at least one wound on the arm.

The prisoner got out of the car in which he was riding and shouted to Keller to leave his brother alone. Keller turned, saw the prisoner and advanced toward him threateningly with the razor in his hand. The prisoner backed toward his car with Keller advancing toward him. When he reached his car, one Harris, a companion of the prisoner who had a gun, came around the car with the gun in his hand.

The foregoing facts are uncontradicted. From this point on, however, the versions of what happened differ sharply.

The prisoner testified that he took the gun from Harris and retreated before Keller and his companions who advanced toward him threatening him with injury. He backed up against the railing of the bridge until he could retreat no further, being hemmed in by Keller and his friends. Finally, in desperate fear of his life, he fired, killing Keller, his principal assailant. He thus maintains that he killed in self-defense, or that he shot under sufficient provocation to reduce his crime to manslaughter.

The State called as a witness Harris, the owner of the gun with which Keller was shot. He testified that he got out of the car and took the gun out of his pocket. At the time, Keller and his friends were advancing toward the prisoner. When Harris appeared and Keller and his friends saw the gun, they recoiled and retreated. At that point, the prisoner told Harris to shoot, and when he did not, the prisoner took the gun and ran after Keller. Harris then heard a shot following which the prisoner returned to the car, gave him the gun and said that he had shot Keller.

On this testimony the case was submitted to the jury under appropriate instructions concerning provocation and self-defense. The jury found the prisoner guilty.

█ Second degree murder is the killing of one by another with malice, other than express malice aforethought. 11 Del.C., §§ 571, 572; Bennett v. State, 3 Storey 36, 164 A.2d 442. Malice has been defined as a reckless disregard of human life which proceeds from a heart and mind void of a just sense of social duty and fatally bent on mischief. State v. Winsett, Del., 205 A.2d 510, aff'd Winsett v. State, Del., 222 A.2d 781. Malice sufficient to support a conviction of murder in the second degree is implied from the use of a deadly weapon without sufficient cause or provocation. Powell v. State, 7 Terry 551, 86 A.2d 371; Ruffin v. State, 11 Terry 83, 123 A.2d 461.

The prisoner argues that he killed Keller in fear of his life and with inability to retreat any further. Thus, he says, he killed with sufficient provocation to reduce his crime to manslaughter at least, citing 1 Wharton's Criminal Law and Procedure (13th Ed.) § 274.

█ If the prisoner's version of the facts is taken as true, he may well be correct, but to do so requires that the evidence offered by the State be ignored for it contradicts the prisoner's version. Both versions were submitted to the jury and it obviously accepted the State's version and rejected the prisoner's. That is the province and function of the jury—to find the facts. The verdict in this case makes it obvious that the jury believed that the prisoner shot and killed Keller when he, himself, was in no danger, and at a time when no reasonable provocation for the killing existed.

There was no error of law in this trial, and the jury having found the facts against the prisoner, we affirm the conviction.

The judgment below is affirmed.