302 So.2d 240

**Jimmy Darrell OWENS**

v.

**STATE of Alabama.**

**1 Div. 429.**

Court of Criminal Appeals of Alabama.

July 30, 1974.

Rehearing Denied Oct. 1, 1974.

**554**

William J. Baxley, Atty. Gen., and Joseph G. L. Marston, III, Asst. Atty. Gen., for the State.

WRIGHT, Judge.[1]

Defendant appeals from conviction of the crime of murder in the second degree and a sentence of 20 years in the penitentiary.

Appellant assigns as error the additional instructions given to the jury at their request after the jury had retired to consider its verdict.

The matter complained of arose out of the following events: after receiving the case and deliberating for approximately an hour, the jury requested further instructions. The foreman stated that the jury would like to have in writing definition of the four degrees of homicide included in the indictment for first degree murder as stated in the court's oral charge. The judge informed the jury such information could not be supplied in written form. He proceeded to orally re-state the elements of each included offense.

The jury then requested a definition of malice. The judge stated as follows:

"Malice—will, without me giving it to you again in the same form I gave it to you, its not necessarily ill will or hatred.

Ian F. Gaston and J. D. Quinlivan, Jr., Mobile, for appellant.

1. July 3, 1974, pursuant to § 6.10 of the Judicial Article, Amendment No. 328 of the Constitution, the Chief Justice assigned to

this Court the judges of the Court of Civil Appeal for temporary service.

It can be disregard for social duty or an act so greatly dangerous that an ordinarily prudent person would not do accordingly under the same circumstances. Is that sufficient?"

After further colloquy not pertinent, the jury again retired. After the jury left the courtroom, counsel for defendant announced that the defendant excepted to portions of the just given instructions. He stated "as to the definition of malice, we except to the court's charging that it is a disregard for social duty. That's all I have." The court: "For the record, what would you have me charge them, Mr. Quinlivan?" Mr. Quinlivan: "I haven't had time to research it judge. I just got here." The court: "All right, the record is clear then."

Approximately one hour later the jury returned its verdict of murder in the second degree.

■ It has long been the law in this state that exception to the court's instructions to the jury must be taken at a time when the court may correct error. That is, exception to oral instructions by the court to the jury must be made in the presence of the jury and prior to their retirement. Cox v. State, 280 Ala. 318, 193 So. 2d 759; Franklin v. State, 45 Ala.App. 27, 221 So.2d 919; Gray v. State, 44 Ala.App. 12, 200 So.2d 514; Ennis v. State, 37 Ala. App. 716, 76 So.2d 183.

Appellant has charged and argued in brief error in the latter part of the instructions quoted hereinabove. However, the colloquy between counsel for defendant and the court set out above fails to indicate any reference in the exception to that portion of the charge. Counsel merely stated that "we except to the court's charging that it is a disregard of social duty."

■ The proper way to reserve exceptions to a court's oral charge or portions thereof is to recite what the court said or the substance thereof. Failure to do so waives any error for the judge is hereby not allowed to correct erroneous instructions. Knight v. State, 273 Ala. 480, 142 So.2d 899; Orr v. State, 40 Ala.App. 45, 111 So.2d 627. Affirmed, 269 Ala. 176, 111 So.2d 639; Winn v. State, 38 Ala.App. 156, 79 So.2d 75. Thus, assignment of error on appeal of portions of instructions not excepted to before the trial court will not be considered. Supreme Court Rule 9.

■ In any event, we do not consider the definition of malice excepted to by appellant to be so erroneous as to be prejudicial. The court in its original oral charge had, without exception by appellant, used almost the same terminology when it said in defining malice, "It has also been defined as that condition of mind which shows a heartless disregard of social duty . . . ."

We find no fault with such definition of malice. It has been used by the courts of many states as a descriptive definition. Brewer v. State, 140 Tex.Cr.R. 9, 143 S. W.2d 599; Com. v. Malone, 354 Pa. 180, 47 A.2d 445; Brown v. State, 234 A.2d 442 (Del.); State v. Lay, 427 S.W.2d 394 (Mo.); Com. v. Chermansky, 430 Pa. 170, 242 A.2d 237, 32 A.L.R.3rd 1072.

Appellant, after the jury had returned its verdict and been discharged from the case and the courtroom, moved the verdict be set aside on the ground that the jury had not been sequestered and allowed to deliberate in private. The motion was denied and appellant here charges error.

The basis of the motion was that counsel for appellant came to the door of the courtroom and was denied entry by the bailiff acting under instructions of the court. This occurred while the jury had the case under consideration. Counsel stated to the court that he saw and heard members of the jury out of the jury room in the presence of the bailiff and the court reporter.

The record shows that the bailiff had allowed the jury, at their request, to come from the jury room out into a hallway to get water. The jury was not deliberating

**556**

at the time and had asked for relief from the heat of the jury room and an opportunity to refresh themselves. The judge was in his adjoining office with the door closed. He had authorized the respite from deliberations with the instruction that no one be admitted to the courtroom while the jury was getting water and moving about. This order prevented counsel from gaining entry when he sought it. After several minutes, the jury returned to the jury room and resumed its deliberations.

In support of the error charged, appellant cites the decision of Brickley v. State, 286 Ala. 546, 243 So.2d 502. In that case, and in cases cited therein, the bailiff in charge entered the jury room while the jury was deliberating and remained with the door closed for eight minutes. He then returned to the judge and had a conversation with him. Thereafter the jury was returned to the courtroom and given further instructions. Under such circumstances, the court held there was a presumption that the rule of sequestration of the jury had been violated and it was incumbent upon the state to show that nothing improper had occurred which could prejudice the jury.

█ The record of statements of the court and of the bailiff, if rebuttal of improper conduct were necesssary, amply rebut any presumption of improper conduct and of prejudice in this case. The conditions existing in the closed courtroom, adjoining hallway and jury room, do not tend to show a violation of the sequestration of the jury. We see no cause for creation of a presumption of prejudice under the facts as set out in the record and related here. The jury was not deliberating. They were fully in custody of the officer in charge as they had been during the trial. The public was excluded from their presence to a greater degree than would have been possible during trips to and from the hotel or to a restaurant for meals. The record of what occurred and the reason for it is sufficient to show lack of improper conduct and prejudice.

We have examined the transcript of the record and the evidence. Finding no error prejudicial to appellant, the judgment below is affirmed.

Affirmed.

BRADLEY and HOLMES, JJ. (Ct.Civ. App.), and TYSON and HARRIS, JJ., concur.