[EDITORS' NOTE: THIS PAGE CONTAINS HEADNOTES. HEADNOTES ARE NOT AN OFFICIAL PRODUCT OF THE COURT, THEREFORE THEY ARE NOT DISPLAYED.] *Page 1035 
The appellant, defendant below, was charged in a grand jury indictment with committing murder in the first degree, while serving a life sentence in the penitentiary, by stabbing to death Lonnie J. Coe with a knife. Upon a plea of not guilty he was convicted in a jury trial in the Circuit Court on November 7, 1975, of murder in the second degree and sentenced to imprisonment in the penitentiary for 120 years; from which judgment this appeal is prosecuted.
The prosecution was under Section 319, Title 14, Code of Alabama 1940, Recompiled 1958, which reads as follows: "Any convict sentenced to imprisonment for life, who commits murder in the first degree, while such sentence remains in force against him, shall, on conviction, suffer death." *Page 1036 
Several preliminary motions of the appellant were overruled by the Court. The first was a motion to quash the indictment on the ground that no admissible evidence was presented to the grand jury. Evidence presented to the trial court on the hearing of this motion was to the effect that witnesses were examined by the grand jury, and legal evidence was presented to the grand jury with regard to this indictment. This evidence was sufficient to sustain the indictment as against the motion to quash.
When it appears witnesses were examined by the grand jury, or the jury had before them legal documentary evidence, no inquiry into the sufficiency of the evidence is indulged. Sparrenbergerv. State, 53 Ala. 481; Washington v. State, 63 Ala. 189; Loydv. State, 279 Ala. 447, 186 So.2d 731.
Another preliminary motion of the appellant to quash the indictment was based on the ground that Section 319, supra, is violative of both the Eighth and Fourteenth Amendments to the Federal Constitution. This motion was overruled by the trial court. It is to be noted that this section calls for a mandatory death sentence for any convict who is convicted of first degree murder while serving a life sentence. But the appellant in the case at bar was not convicted of first degree murder in the trial which is the subject of this appeal, and consequently the death penalty was not imposed. Under these circumstances we are not called upon to review the trial court's judgment in overruling this motion to quash. The appellant can show no injury or prejudice from the denial of his motion to quash.
Appellate courts do not pass upon constitutional questions unless the rights of litigants are directly involved and the question of constitutionality is directly presented for review.Bray v. State, 140 Ala. 172, 37 So. 250; James v. State,21 Ala. App. 295, 107 So. 727.
The fact that the indictment and the evidence of the State disclose a prior conviction of a capital felony of the accused does not invalidate an indictment under Section 319, supra,Williams v. State, 239 Ala. 296, 195 So. 213. A ground of a motion to quash the indictment making this point was not well taken by the appellant.
The trial court did not err in denying the appellant's preliminary motion to compel the State to produce for inspection the "prison jacket," or file, of the deceased Coe. Appellant's counsel argued to the trial court that, self-defense being one of the defenses to the charge, the file on Coe might reveal evidence of the reputation or character of the deceased, bearing upon the issue of who was the aggressor in the struggle. Appellant's counsel conceded that he had interviewed witnesses in the prison as to the reputation of the deceased Coe for turbulence and violence. The argument was that the file would either verify this evidence or reveal other witnesses to it.
Reputation or character of the deceased cannot be proved by particular acts or traits of the person. Higginbotham v. State,262 Ala. 236, 78 So.2d 637; Metcalf v. State, 40 Ala. App. 25,108 So.2d 435.
The "prison jacket," or file, of the deceased was not relevant to the issue of reputation of the deceased or to any conceivable issue in the case.
Moreover, the mere fact that the file might be useful to the accused in supplying leads for gathering further evidence is no reason to compel its production. Rogers v. State, 58 Ala. App. 163; 332 So.2d 739, cert. den., Ala., 332 So.2d 746.
Before commencement of the trial the counsel for appellant objected to the fact that appellant "was brought into the rear of the courtroom through the door to the right side of the courtroom, and the handcuffs were removed from the defendant at that time and that it was possible since the door was open that this removal of the handcuffs was in full view of the venire." No evidence was submitted that the appellant was seen in handcuffs by any of the venire either before or during the trial, or that any prejudicial action occurred in the presence of the jury. In this state of the *Page 1037 
record the trial court cannot be placed in error for overruling this objection.
Furthermore, it is not ground for a mistrial that an accused felon appears in the presence of the jury in handcuffs when such appearance is only a part of going to and from the courtroom. This is not the same as keeping an accused in shackles and handcuffs while being tried. Rhodes v. State,34 Ala. App. 481, 41 So.2d 623.
Prior to the opening statement to the jury the appellant objected to the use in the trial by the State of its two witnesses, both of whom were prison inmates, on the ground that these witnesses had not been subpoenaed in accordance with Section 61, Title 45, Code of Alabama 1940, Recompiled 1958.
Argument to the trial court was that the appellant had used this section to subpoena his witnesses from the penitentiary, thereby revealing to the State their identity prior to trial; and that the failure of the State to subpoena its witnesses under this section denied the appellant "the right of effectiveness of counsel in accordance with the Sixth Amendment." It was conceded by counsel for appellant to the trial court that the two State witnesses had been subpoenaed under this section by the State for a prior setting of the case in June, 1975; and that counsel for appellant had talked to other inmates at Fountain Prison concerning these two witnesses, and had interviewed the two witnesses themselves on the day of trial. Counsel for appellant did not contend to the trial court that he had been denied an opportunity to interview the two witnesses in prison or that he was ignorant of their identity. Nor was there any contention that the appellant had been denied an opportunity to exercise compulsory process for witnesses in his own behalf.
The purpose of Section 61, supra, is to provide both the State and accused with compulsory process for the attendance of convicts as witnesses in criminal prosecutions. The use of Section 61 is not mandatory in all events; but a failure to follow its provisions will deprive the defaulting party of the right to compel attendance of the witness. Magee v. State,43 Ala. App. 218, 187 So.2d 274. The constitutional right to compulsory process for witnesses in a criminal case does not compel pre-trial discovery of the identity of the State's witnesses. Dolvin v. State, 51 Ala. App. 540, 287 So.2d 250;Thigpen v. State, 49 Ala. App. 233, 270 So.2d 666.
The appellant was afforded during the trial an opportunity for thorough cross-examination of the State's witnesses, which was exercised. For these several reasons we find no error in overruling appellant's objection to the use by the State of the two convicts as witnesses.
One witness for the State testified that he awoke early in the morning to the screams of Coe, who occupied the adjoining bunk bed in the cell block. He saw Coe coming out of the end of his bed, which was the bottom bunk, with the appellant standing and swinging at him with a knife in his hand. He further testified that Coe then ran to the back of the cell while the appellant just stood there. Coe had a hole in his stomach from which blood spurted and another on the neck or face. No weapon was seen in the possession of Coe. The bed of the appellant was five or six beds toward the front of the cell from the bed of Coe.
The other State witness testified that he occupied the bunk bed above the bed of Coe, and when he opened his eyes he saw the appellant beside the bed. Coe was hollering "Why are you doing this to me?" The appellant was crouched over Coe who was trying to get out of the bed through the end and was trying to put stuff between him and appellant. The appellant hit Coe one more time in the face after he got out of the bed. The appellant never said anything. Blood was everywhere, spurting from Coe's stomach. Coe ran to the back of the cell and fell. The appellant turned and walked out of the cell block. He saw a knife about twelve inches long in the appellant's hand, but no weapon on Coe. Coe was dressed in a pair of boxer shorts. The appellant was wearing blue jeans, brogans, a pull over shirt, and a windbreaker. *Page 1038 
The appellant called several inmates as witnesses in his defense. The first testified that Coe was the aggressor and held the knife. The second testified that he saw the two struggling in the aisle, trying to get the knife away from one another. He thought he saw more than one knife but he could not find a knife where he thought Coe had thrown it. The appellant had a good reputation and Coe a bad one.
The third witness for the defense testified that he saw Coe lunge at the appellant with a knife as the latter approached the bed; and that he did not see either of the witnesses for the State in the cell block when the incident occurred. The fourth witness said he and the appellant ate breakfast together and returned to the dormitory or cell block, and that appellant went up the aisle toward the bed of Coe, saying he was going to talk to Coe and would be right back in a minute. The appellant at that time was unarmed. The next thing the witness remembered was seeing them fighting and that Coe appeared to have a knife.
The defense then put on three witnesses who testified they were outside the cell block and did not see the incident but that the witnesses for the State were not in the cell block at the time of the incident.
Two of the witnesses for the defense admitted knowing the existence of a prison code which prohibits the giving of evidence against a fellow prisoner. The appellant did not take the stand as a witness.
This disputed evidence in the case, together with the reasonable inferences therefrom, was a question for the jury.Ray v. State, 248 Ala. 425, 27 So.2d 872; Little v. State,34 Ala. App. 114, 39 So.2d 587, cert. den., 252 Ala. 81,39 So.2d 593.
There was sufficient evidence of guilt, if believed by the jury beyond a reasonable doubt, to sustain the verdict of guilt of murder in the second degree. Ray v. State, supra.
Proof of motive is not indispensable to a conviction of crime. Guilt may be shown without evidence pointing to any particular motive entertained by the accused. Wingard v. State,247 Ala. 488, 25 So.2d 170.
The Court did not err, therefore, in denying the appellant's motion to exclude the State's evidence or in denying the motion for a directed verdict in behalf of the accused.
There was no error in sustaining objection of the State to the question put to a defense witness as to what occurred when the officers came to the cell block after the killing to take the appellant into custody. The State had submitted no testimony of attempted flight by the appellant, resistance to the officers, or incriminating acts or statements by the appellant subsequent to the killing. The subsequent taking into custody was not a part of the res gestae and was not admissible on behalf of the defendant. Coats v. State, 253 Ala. 290,45 So.2d 35; James v. State, 12 Ala. App. 16, 67 So. 773.
The acts, declarations and demeanor of an accused, before or after the offense, whether part of the res gestae or not, are admissible against him, but unless part of the res gestae, are not admissible by him. Espey v. State, 270 Ala. 669,120 So.2d 904; Smarr v. State, 260 Ala. 30, 68 So.2d 6.
On this point, however, the appellant further argues that even if this question to the witness called for irrelevant evidence, it should have been admitted because the conduct of the officers in taking the appellant into custody had been made an issue in the case by the appellant during his cross-examination of a State witness, without objection by the State. On cross-examination of a State witness the appellant had elicited testimony, without objection, that the witness had not seen the officers strike the appellant when he was called from the cell block after the killing. This additional argument of the appellant is not well taken.
A party who introduces irrelevant evidence, although without objection, does not gain thereby the right to introduce additional irrelevant evidence. Lewis v. Martin, 210 Ala. 401,98 So. 635. However, the opposing party may refute the irrelevant *Page 1039 
evidence with irrelevant evidence of his own. Flinn v. Barber,59 Ala. 446; St. Clair County v. Bukacek, 272 Ala. 323,131 So.2d 683; Cunningham v. Lowery, 45 Ala. App. 700,236 So.2d 709, cert. den., 286 Ala. 734, 236 So.2d 718.
Objection of the appellant was overruled to the following closing argument of the prosecutor, "Mr. Harris talked to you and said that, well, the Parole Board has a right to parole at the expiration of ten years on a life sentence, he said. However, under this charge, as the Court will charge you, you have the right to add some years to that period. Well, I don't know whether he meant that as an additional plea of guilty to a lesser offense or not. But it struck me that possibly he did."
The prior argument to the jury by the defense counsel, to which this questioned argument was directed, was as follows: "Now as I said earlier, a life termer in Alabama is eligible for parole after ten years. Giving him some more time is not a meaningless thing. It means something to him as it would mean something to anybody, just sentencing him to time like that. I don't believe they carried proof to give him any more time."
This prior argument of the defense counsel could be construed as a suggestion to the jury of a means to impose punishment on the accused less severe than the death penalty, namely, an additional penitentiary sentence.
It could be interpreted as a statement to the jury that the conviction of a lesser included offense, carrying a penitentiary sentence, would be meaningful punishment against a life termer, and that the jury should, therefore, consider this lesser sentence for the defendant.
There is no legal standard by which prejudicial qualities of improper remarks of the district attorney can be gauged. Each case must be determined on its own merits. Yelton v. State,50 Ala. App. 168, 277 So.2d 912, cert. den., 291 Ala. 804,277 So.2d 916, and 291 Ala. 804, 277 So.2d 917.
Wide latitude, however, is given to the district attorney in making reply to an argument previously made by defense counsel.Bachelor v. State, 216 Ala. 356, 113 So. 67; Moody v. State,40 Ala. App. 373, 113 So.2d 787. We hold that the argument of the prosecutor was within permissible limits of a reply to the defense counsel, and that the trial court did not err in overruling objection thereto.
There was no error in overruling appellant's objection to the prosecutor describing to the jury during oral argument the location of the knife wounds on Coe and the extent of their bleeding. These matters had been covered by testimony in the case; and the prosecutor was merely describing and summarizing this evidence to the jury, which is within the confines of legitimate argument. Winslett v. State, 21 Ala. App. 487,109 So. 523; Jackson v. State, 41 Ala. App. 325, 133 So.2d 207, affirmed, 272 Ala. 566, 133 So.2d 210; Braden v. State,49 Ala. App. 97, 268 So.2d 877.
Contentions on appeal concerning objectionable argument of the prosecutor, to which no ruling of the trial court was sought, will not be considered. Russell v. State, 202 Ala. 21,79 So. 359; White v. State, 40 Ala. App. 378, 114 So.2d 325;Massey v. State, 49 Ala. App. 345, 272 So.2d 271, cert. den.,289 Ala. 747, 272 So.2d 278. The prosecutor's argument concerning a prior conviction is governed by this rule.
The case was submitted to the jury during the morning and the jury commenced its deliberations. Shortly before lunch time they reported in open court that they were unable to reach a verdict. Whereupon the judge sent them to lunch and told them to return and continue deliberations after they had eaten. After lunch and after further deliberations the jury reported that they were not making any progress in reaching a verdict. The judge then gave them a supplemental charge concerning their duty as jurors to deliberate. He asked them to deliberate further for thirty or forty-five minutes; and in the course of his charge he reminded them that they had spent the greater part of two days in the trial of the *Page 1040 
cause. Among other things he stated "I know every juror is entitled to his opinion. But, Ladies and Gentlemen, I know you don't wish to put this County to the expense of another trial if it can be avoided." At another point he stated "* * * and I think, frankly, it is important because both the trouble and expense of a new trial should be avoided if it can be done fairly under the evidence."
The supplemental charge was lengthy, and at the conclusion thereof the jury returned to the jury room for further deliberation. Outside the presence and hearing of the jury and after it had returned to the jury room, the defense counsel made the following objection: "Your Honor, at this time we would like to note a formal objection to those portions of your charge with reference to the cost of a new trial. We think it is a violation of the defendant's due process." The Court overruled the objection and noted an exception for the defendant.
It is error for the trial court to coerce or threaten a jury in the reaching of a verdict. Orr v. State, 40 Ala. App. 45,111 So.2d 627, affirmed on cert., 269 Ala. 176, 111 So.2d 639. But the entire charge must be examined so that the suspected language is tested in the whole context of its setting in order to determine whether the jury has been coerced or threatened.Whittle v. State, 205 Ala. 639, 89 So. 43.
In the case of Orr v. State, supra, the judgment of the trial court was reversed because of a coercive charge in which, among other things, the expense of a new trial was mentioned. But this erroneous charge contained five different objectionable statements; no one of which standing alone, it was noted by the appellate court, might have been sufficient for reversal. When taken altogether they created a coercive charge.
In the later case of Poellnitz v. State, 48 Ala. App. 196,263 So.2d 181, the supplemental charge was held not to be coercive although it contained a statement that the jury should consider the expense and time already involved in the trial and the time and expense for another trial.
We have carefully examined the entire supplemental charge in the case at bar and we do not find it to be coercive or threatening.
A representative passage from the supplemental charge of the trial court is as follows: "Let each juror examine for himself the grounds of his opinion, and reason with his fellows concerned with the facts and honest desire to arrive at the truth with a view of rendering a true verdict according to the evidence. It should be the objective of all of the jury to arrive at a common conclusion and to that end you should deliberate together with calmness, candor, and patience; lay away all pride of opinion and judgment and examine any differences of opinion that may be among you in a spirit of fairness. Reason together, talk over such differences and harmonize them if this is possible so that the case may be justly disposed of. Every juror should listen to the arguments of his fellows and endeavor conscientiously to reach a verdict. It is not my purpose, Ladies and Gentlemen, to force or to coerce you to a verdict in this case and don't get that idea. What I have said to you must not be taken as any attempt on the part of this Court to require or force any of you to surrender your honest and reasonable convictions that bind upon the law and evidence of this case. My sole purpose is to impress upon you your duty and the desirability and the importance of reaching a verdict if you can conscientiously do so.
"Give a fair and reasonable and patient consideration to the argument of your fellows. Consider the evidence under the rules of law as given to you by the Court and remember that each juror must be governed by his own conscience and that he cannot be controlled by the mind and conscience of his fellows."
Considering the supplemental charge as a whole we find that it is without error. Whittle v. State, supra, Bufkins v. State,20 Ala. App. 457, 103 So. 902, cert. den., 212 Ala. 638,103 So. 906; Hankins v. State, 25 *Page 1041 
Ala. App. 504, 150 So. 708, cert. den., 227 Ala. 454,150 So. 709; Poellnitz v. State, supra.
An additional answer to this contention is that exceptions to the oral charge of the court must be made in the presence of the jury and prior to their retirement, in order that the court may correct error. Exceptions made later will not be considered on appeal. Owens v. State, 53 Ala. App. 553, 302 So.2d 240, cert. den., 293 Ala. 769, 302 So.2d 243. The record discloses that this objection to the supplemental charge came too late.
We have examined the record for errors injuriously affecting the substantial rights of appellant and have found none.
The foregoing opinion was prepared by Hon. Gardner F. Goodwyn, Jr., Circuit Judge, temporarily on duty on the Court pursuant to subsection (4) of Section 38, Title 13, Code 1940, as amended; the Court has adopted his opinion as its own.
The judgment below is hereby
AFFIRMED.
All the Judges concur except CATES, P.J., not sitting.