Assault with intent to murder; sentence: ten years imprisonment.
The State's evidence is to the effect that the appellant was looking for one Frank Robertson. He wanted to fight Robertson for making a derogatory statement about appellant's sister. On the night in question, Jimmy Warren, Frank Robertson and Wayne Robertson drove to the home of appellant's sister and Wayne Robertson went inside. Shortly thereafter, appellant came out of the house and approached Frank Robertson and Jimmy Warren who were standing beside their automobile. From this point on, the evidence is in conflict.
Evidence most favorable to the State would show that the appellant, on reaching the automobile, cursed Frank Robertson and offered to fight him. Robertson declined due to an injured arm. Appellant then cursed Jimmy Warren and lunged at him. Warren grabbed the appellant around the neck, and appellant cut him with a knife, leaving Warren's intestines "hanging out" and his whole body bloody.
Evidence for the appellant was to the effect that appellant told Frank Robertson that he wanted to talk to him about calling appellant's sister "a name." Robertson cursed appellant and said, "if you want me, come and get me." Appellant stated that he did not want to fight Robertson. After *Page 869 
some discussion, Jimmy Warren grabbed appellant around the neck and they began wrestling. Frank Robertson then allegedly stabbed appellant with a knife. Warren released appellant, and appellant then cut Warren.
Appellant's case rested largely on self-defense. The trial judge gave a full and extensive oral charge to the jury on the law relating to self-defense. The conflicting testimony clearly presented a question for the jury. The jury chose to believe the evidence presented by the State which we find to be legally sufficient to support their verdict.
 I
Appellant contends that the trial court erred in refusing to give the following written requested charge to the jury:
 "I charge you when an assault is committed by means in a manner that is calculated to produce death, and death does not ensue, intent to murder does not arise as a necessary consequence of the assault."
Appellant contends that such a charge was approved in Harmon v.State, 23 Ala. App. 468, 126 So. 896 (1930).
The former Court of Appeals in Harmon held that the appellant was entitled to that charge only because the court's oral charge was inadequate. The court did not give that charge an unqualified and blanket approval, but instead stated:
 ". . . As an original proposition this charge might have been misleading, but not so when the court has given instructions which are in need of modification. . . ."
It appears to us that the Court of Appeals had determined that the trial court's oral charge had erroneously placed the burden of proof on the defendant to disprove murderous intent. Since no exception to the oral charge was taken, no reversible error resulted, however that court reversed the conviction for failure to give what would otherwise have been a misleading charge. We will not extend the former Court of Appeals' somewhat questionable reasoning in this regard. Had the trial court's oral charge in this instance included the verbiage, "the burden is on the defendant of proving that the assault was not with such intent [to murder]," then appellant's point may have been well taken. Instead, we find that the trial court's oral charge in the instant case did not wrongly place the burden of proof on the appellant. We, therefore, will not put the trial court in error for refusing the requested charge.Pendley v. State, 34 Ala. App. 453, 41 So.2d 205 (1949).
 II
Appellant next complains that the trial court erred in failing to instruct the jury that assault with intent to murder includes the lesser offense of assault and battery. The record clearly shows that the appellant's exception to the court's oral charge on this ground came after the jury had retired and outside their presence.
It is well settled in Alabama that an exception to the oral charge of the trial judge must be made in the presence of the jury before it retires from the courtroom. Strickland v. State
[1977] Ala.Cr.App., 348 So.2d 1105; Owens v. State, 53 Ala. App. 553, 302 So.2d 240, cert. denied 293 Ala. 769, 302 So.2d 243
(1974). For a multitude of cases on this point, see: 6A,Alabama Digest, Criminal Law, 841.
 III
Appellant contends that the court reporter's transcript of the evidence failed to show that the trial court had asked the appellant, "if he had anything to say as to why the sentence of law should not be imposed upon him."
While the transcript of the evidence fails to show theallocutus, the judgment entry does recite it:
 "Thereupon in open court on this day the defendant being asked by the court if he had anything to say why the judgment and sentence of the law should not be passed upon him, replied, `he had not'. . . ." *Page 870 
In a felony case the judgment entry must show the allocutus.McCray v. State, 46 Ala. App. 588, 246 So.2d 475 (1971). The judgment entry in the instant case satisfies that requirement of the law.
AFFIRMED.
All the Judges concur.