BOOKOUT, Judge,
dissenting:
I differ from the majority opinion concerning the trial judge’s oral charge to the jury. It is my opinion that the trial court was in error in charging on manslaughter:
“. . .It boils down in its final analysis, ladies and gentlemen of the jury, this of taking of human life to the question of necessity. Was it necessary to take human life in this ease? Based on the doctrine of necessity, was it necessary, if the Defendant did take her life? And that is what it’s boiled down to.” (Emphasis supplied.)
The jury found appellant guilty of first degree manslaughter. Such an instruction could have easily confused and misled the jury on the difference between the technical elements of manslaughter and of the defense of self-defense. Self-defense is based upon necessity to take life. If the jury, following the charge on necessity, found that appellant killed out of necessity to save his own life, they may have very well thought it was their duty to return a verdict of guilty of manslaughter.
A trial judge generally cannot be put in error for erroneously instructing the jury where the exception to the oral charge is made after the jury has retired and commenced its deliberations. The reason for that rule is that the exception must come at a time where the trial judge will have an opportunity to correct his charge. Strickland v. State (1977) Ala.Cr.App., 348 So.2d 1105; Tuberville v. State (1977) Ala.Cr. App., 348 So.2d 868; Owens v. State, 53 Ala.App. 553, 302 So.2d 240, cert. denied 293 Ala. 769, 302 So.2d 243 (1974).
In Strickland the jury had retired the previous night, but had not begun its deliberations when the exception was made, outside their presence, the next morning. In Tuberville the jury had retired to commence deliberating when the exception was made. In both cases the trial judge refused to call the jury back in and give further instructions. We affirmed the trial court in both of those cases.
The instant situation is somewhat different. In the presence of the jury, counsel for appellant stated, “Your Honor, we would except to a portion of the court’s charge out of the presence of the jury.” The court agreed, sent the jury out (with instructions that they could begin deliberating) then five minutes later, after hearing several exceptions, called them back into the court and corrected only one part of the oral charge relating to the punishment for second degree manslaughter.
As distinguished from Strickland and Tu-berville, supra, here the exception was made in the presence of the jury, but the grounds for exception were explained outside their presence. The trial judge had an opportunity to correct the entire charge when he brought the jury back in, but corrected only a portion. It was not necessary for the appellant to renew his exception where the trial judge, in his extended charge, did not attempt to correct the portion excepted to. Milligan v. State, 45 Ala.App. 112, 226 So.2d 172 (1969); Davis v. State, 40 Ala.App. 118, 112 So.2d 353 (1959) cert. denied 269 Ala. 695, 112 So.2d 355.
I conclude that the trial court committed prejudicial error in refusing to correct that portion of his oral charge excepted to. I therefore respectfully dissent.