BOWEN, Judge.
In September of 1972, Emory Ward Al-dridge, the appellant, was indicted for first degree murder in the strangulation death of his wife. At his arraignment he entered a plea of not guilty and not guilty by reason of insanity. Upon motion by defense counsel, Aldridge was ordered confined to Bryce State Mental Hospital for examination. On January 24, 1973, a lunacy commission determined Aldridge to be incompetent then and at the time of the murder.
On October 30, 1974, Aldridge was adjudged competent “to participate in the le *657 gal process”. He was returned to the county jail and his case scheduled for trial. On the 18th of June, 1975, Aldridge was found guilty of murder in the second degree and sentenced to thirty years imprisonment.
There is no question that Aldridge actually strangled his wife on July 25, 1972. His eleven year old daughter witnessed the murder and testified against her father. Aldridge admitted killing his wife but claimed he just went “crazy”. His defense was insanity. Two staff psychiatrists from Bryce Hospital testified that Aldridge was psychotic and paranoid at the time of the murder; that he suffered delusions about his wife’s infidelity to him; and that he thought his wife was trying to kill him. Aldridge testified that his family had had him committed to the state mental hospital in Mississippi in March of 1972. There he was given shock treatments and was in a coma for three days. He remained in the hospital for six days. His release was obtained by his wife.
Aldridge’s brother testified that Aldridge was aggressive before his “change” and that in the early part of 1972 when the brother had an opportunity to observe Al-dridge, he was calmer and “you could talk to him better than you could before” the change. The brother stated that Aldridge needed mental help.
I
The principal argument asserted by the appellant for reversal is that it was error for the trial judge to charge the jury that the burden was on the defendant to prove the defense of insanity to the reasonable satisfaction of the jury. The appellant contends that since the state has the burden of proving intent the state should also be burdened by being required to prove the defendant’s mental competency. Generally see 17 A.L.R.3d 146 Annotation : Modern status of rules as to burden and sufficiency of proof of mental incompetency in criminal case.
Title 15, § 422, Code of Alabama 1940, Recompiled 1958, provides that:
“Every person over fourteen years of age charged with crime is presumed to be responsible for his acts, and the burden of proving that he is irresponsible is cast upon the accused. The defense of insanity in all criminal prosecutions shall be clearly proved to the reasonable satisfaction of the jury.”
The constitutionality of this statute has been upheld in Martin v. State, 119 Ala. 1, 25 So. 255 (1898) and McGhee v. State, 178 Ala. 4, 59 So. 573 (1912). In Hutchens v. State, 45 Ala.App. 507, 232 So.2d 687, cert. denied, 285 Ala. 755, 232 So.2d 700 (1970), this court addressed the identical issue presented here and held that this statute was not invalid as being contrary to due process relying on Leland v. Oregon, 343 U.S. 790, 72 S.Ct. 1002, 96 L.Ed. 1302 (1952). Subsequently the United States Supreme Court has confirmed that it remains constitutional to burden the defendant with proving his insanity. Rivera v. Delaware, 429 U.S. 877, 97 S.Ct. 226, 50 L.Ed.2d 160 (1976); Patterson v. New York, 432 U.S. 197, 97 S.Ct. 2319, 53 L.Ed.2d 281 (1977).
“We thus decline to adopt as a constitutional imperative, operative country-wide, that a State must disprove beyond reasonable doubt every fact constituting any and all affirmative defenses related to the culpability of the accused. . We therefore will not disturb the balance struck in previous cases holding that the Due Process Clause requires the prosecution to prove beyond reasonable doubt all of the elements included in the definition of the offense of which the defendant is charged. Proof of the nonexistence of all affirmative defenses has never been constitutionally required; and we perceive no reason to fashion such a rule in this case and apply it to the statutory defense at issue here.” Patterson, supra, at 210, 97 S.Ct. at 2327.
Although a plea of insanity was made, the prosecution was required to prove beyond a reasonable doubt every element of the crime charged, including, in the case of first degree murder, premeditation, deliberation, malice and intent. No additional elements were required for conviction. The trial *658 judge instructed the jury on this point in clear and definite language.
“These and other instructions, and the charge as a whole, make it clear that the burden of proof of guilt, and of all the necessary elements of guilt, was placed squarely upon the State. As the jury was told, this burden did not shift, but rested upon the State throughout the trial, just as, according to the instructions, appellant was presumed to be innocent until the jury was convinced beyond a reasonable doubt that he was guilty. The jurors were to consider separately the issue of legal sanity per se — an issue set apart from the crime charged, to be introduced by a special plea and decided by a special verdict.” Leland, supra, 343 U.S. at 795, 72 S.Ct. at 1006.
We affirm and renew our holding proclaiming the constitutionality of Title 15, § 422 placing the burden on the accused to prove an insanity defense to the reasonable satisfaction of the jury.
II
The argument of the appellant that it was error for the trial court to instruct the jury that the evidence of insanity was separate from the evidence on the general plea of not guilty is without merit. Leland, supra, 343 U.S. at 790, 72 S.Ct. at 1006, set out above.
Title 15, § 423, Code of Alabama 1940, Recompiled 1958, provides that the defense of insanity must be specially pleaded, and evidence of insanity is not admissible under the general plea of not guilty.
“The purpose of the statute has been said to be to separate as far as possible the two defenses of ‘not guilty’ and ‘not guilty by reason of insanity,’ and to have the proof directed to each of the two defenses, and the verdict to respond to each of such defenses. (Citations omitted)” Parrish v. State, 139 Ala. 16, 50, 36 So. 1012, 1023 (1903).
The two assignments of error we have just discussed are concerned with the oral charge of the trial court to the jury. The only objection made to the court’s oral charge was a simple, “We accept (sic).” The proper way to reserve exceptions to the oral charge of the court or to portions thereof, is to recite the portion objected to or the substance thereof. Failure to do so waives any error for the judge is not allowed to correct erroneous instructions. Owens v. State, 53 Ala.App. 553, 555, 302 So.2d 240, 242, cert. denied, 293 Ala. 769, 302 So.2d 243 (1974).
Ill
Appellant also cites as error the failure of the trial court to give ten of his requested instructions. All dealt with the subject of insanity. Some of these requested charges were incorrect statements of law. Those that were correct statements were fully and substantially covered in the court’s oral charge where they were presented and framed in clearer and more articulate language. The refusal of these charges was not error. Title 7, § 273, Code of Alabama 1940, Recompiled 1958.
We have reviewed the record as required by law and finding no error prejudicial to the substantial rights of the accused, the judgment of the trial court is due to be and is hereby affirmed.
AFFIRMED.
All Judges concur.