BOOKOUT, Judge,
concurring specially:
In Maund v. State, Ala.Cr.App., 361 So.2d 1144 (1978), we stated:
“Exceptions to the oral instruction of the court must be taken in the presence of the jury and before the jury retires so that the trial judge will have an opportunity to make any corrections. . . .” (Emphasis supplied.)
In Turberville v. State, Ala.Cr.App., 348 So.2d 868, cert. denied, Ala., 348 So.2d 870 (1977), we stated:
“It is well settled in Alabama that an exception to the oral charge of the trial judge must be made in the presence of the jury before it retires from the courtroom. . . . ” (Citations omitted.)
In Ward v. State, Ala.Cr.App., 356 So.2d 238, cert. denied, Ala., 356 So.2d 242 (1978), we stated:
“. . . Exceptions to the court’s oral charge must be made in the presence of the jury before they retire for deliberations. . . . ”
In Strickland v. State, Ala.Cr.App., 348 So.2d 1105, cert. denied, Ala., 348 So.2d 1113 (1977), we stated:
“The appellant should have excepted to the trial court’s oral charge the previous night, before the jury retired. By waiting until, the next morning to except when the jury was in the jury room (although not yet deliberating) appellant could not then put the court in error. Technically, the exception to the trial court’s oral charge must have been made at the time the charge was given, and in the presence of the jury before it retired from the courtroom. . . ”
The rule has been stated in differing language over the years. While both this court and the Alabama Supreme Court have stated from time to time that an exception to the oral charge must be made in the presence of the jury, there has usually been some modifying language used in stating that proposition. There is no legal purpose in requiring the exception to be made within the sight and hearing of the jury. The rule could probably best be stated by saying that the exception to the oral charge must be made at the earliest opportunity after the oral charge and before the jury commences its deliberations. The purpose for the timely exception rule is simply to allow the trial judge to correct any mistakes in his oral charge before the jury begins its deliberations. Maund, supra.
In Strickland the jury had retired the previous night, but had not begun its deliberations when the exception was made outside their presence the next morning. This court refused to put the trial judge in error in that case because the appellant waited until the next day to raise his exception. In Turberville the jury had retired to commence deliberations when the exception was made.
*788 We recognize that some trial judges exclude the jury with instructions not to begin deliberating until exceptions to the oral charge are heard in camera. In such cases the trial judge is exercising his lawful control over the conduct of the trial, and the exception to the oral charge outside the presence of the jury is not due to the lack of diligence on the part of the defense counsel. On the other hand, where the defense counsel purposely or through lack of diligence waits until after the jury has retired to begin deliberations before making his exception, the trial judge should not be put in error for refusing to bring the jury back into the courtroom and correct an otherwise faulty instruction.
In the instant case, it appears that counsel for the appellant made his exception known to the trial court immediately following the oral charge and almost simultaneously with the jury leaving the jury box. The record likewise shows that the exception was made prior to the jury beginning its deliberations. There was no lack of diligence on the part of defense counsel as he excepted at the earliest opportune moment after the trial judge finished his oral charge. I therefore concur in the majority opinion in this instance However, each similar occurrence in the future must be reviewed on its own peculiar facts.