SAM W. TAYLOR, Judge.
In January 1982, appellant was convicted of assault in the first degree. She was sentenced to 20 years’ imprisonment.
I
Appellant’s first issue on appeal is whether it was prejudicial error to allow the appellant to be seen by jurors when she was in the custody of police authorities.
The testimony of Deputy James Roberts, who escorted the appellant into the courtroom, indicated that on the day in question, the appellant was dressed in civilian clothes. Her handcuffs were removed either in an elevator or in a stairwell on the way up to the hallway and the courtroom. The deputy further testified that he walked down the hallway to the courtroom two or three paces behind the appellant and only came close to her to open a door for her. He stated that at no time did he come in contact with the appellant.
The facts outlined above do not present grounds for mistrial or require a reversal. This would be true even if the accused was handcuffed or restrained. Evans v. State, 338 So.2d 1033, (Ala.Cr.App.1976); Moffett v. State, 291 Ala. 382, 281 So.2d 630, cert. denied, 414 U.S. 1161, 94 S.Ct. 924, 39 L.Ed.2d 114 (1973); concurrence by Judge Bowen in Donilson v. State, 350 So.2d 738 (Ala.Cr.App.1977).
II
The second issue raised by appellant is whether the evidence presented by the State is sufficient to support the verdict. Specifically, the appellant attacks the evidence on the grounds that the identifying witness was “not sure” about the identity of the appellant.
The transcript reveals that the victim, Charley Snow, Jr., made an in-court identification of the appellant. In addition, Mr. Snow testified that he had known his assailant when she was eight or nine years old, and that he recognized her when she knocked on his door shortly before the assault.
We cannot agree that the evidence identifying the appellant was insufficient. A verdict of conviction cannot be disturbed on the grounds of insufficiency of the evidence “... unless, allowing all reasonable presumptions for its correctness, the preponderance of the evidence against the verdict is so decided as to clearly convince this Court that it was wrong and unjust.” Johnson v. State, 378 So.2d 1164, 1169 (Ala.Cr.App.1979).
The decision of the trial court is due to be affirmed.
AFFIRMED.
All the Judges concur.